593 S.E.2d 475

**In the Matter of Jeffrey A. KEENAN, Respondent.**

No. 25785.

Supreme Court of South Carolina.

Submitted Jan. 27, 2004.

Decided Feb. 23, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Jeffrey A. Keenan, of Myrtle Beach, pro se.

PER CURIAM:

Respondent and Disciplinary Counsel have entered into an agreement pursuant to Rule 21, RLDE, Rule 413, SCACR, in

which respondent admits misconduct and agrees to accept an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## *Facts*

Respondent was appointed to represent a client in a criminal matter. Respondent requested, and a date was set for, a bond reduction hearing. However, prior to the hearing, respondent resigned from his law firm and did not resume the practice of law. Respondent failed to notify his clients of the fact that he was no longer practicing law, failed to take steps to protect the interests of his clients, did not seek permission from the courts to withdraw as counsel for his clients who had cases pending in court, nor did he seek to substitute counsel, and failed to notify opposing counsel in his pending cases. In the case of his criminal client, respondent failed to appear at the bond reduction hearing.

Respondent maintained his own trust account at the firm where he was employed. Upon his resignation from the firm, respondent failed to reconcile the trust account and failed to provide his employer with records pertaining to the account. Respondent failed to maintain adequate financial records and failed to conduct monthly reconciliations of the trust account, resulting in an overdraft in the amount of $81.50 upon his resignation. Respondent has since replaced the funds.

## *Law*

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter); Rule 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, and allowing time for employment of other counsel); Rule 8.4(a) (it is professional

misconduct for a lawyer to violate the Rules of Professional Conduct).

Respondent also admits that by violating the Rules of Professional Conduct, he is subject to discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR.

Finally, respondent has violated Rule 417, SCACR, which sets forth the requirements for financial recordkeeping.

## Conclusion

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his actions.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.

BURNETT, J., not participating.